**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


MARY TERWILLIGER,

                 Plaintiff,

        v.                                  Case No. C-1-03-310


COOPER & CO., INC., et al.,

                 Defendants.


## ORDER

This matter is before the Court on plaintiff Mary Terwilliger's memorandum in response to the Court's Order to show cause why her state law claims against defendant Jerry Collins should not be dismissed without prejudice for lack of subject matter jurisdiction (doc. 37).

Plaintiff filed the complaint in this action on May 1, 2003, against defendants Jerry Collins, Richard Johnson, and Cooper and Company, Inc. (Cooper) (doc. 1).  Plaintiff brought claims for sex discrimination, harassment, and retaliation under Title VII and Ohio law and a claim for assault in violation of Ohio law.  Defendants Cooper and Johnson filed an answer to the complaint (doc. 5).  Pursuant to plaintiff's motion, defendants Cooper and Johnson were dismissed from the lawsuit on September 22, 2004 (doc. 26). On October 1, 2003, plaintiff filed a motion for entry of default against Collins (doc. 10).  The Clerk entered default as to Collins on January 23, 2004 (doc. 14).  The Court set aside the entry of default on April 8, 2005, and ordered

1

Collins to file an answer to the complaint within twenty days of the Order.  Collins filed an

answer within the time specified by the Court.

In its Order, the Court noted that it does not appear from the complaint that the

requirements for diversity jurisdiction are met in this case, and the Court questioned whether the

exercise of supplemental jurisdiction is appropriate since it does not appear that any federal

claims remain in the case.  The Court therefore ordered plaintiff to show cause why the claims

against defendant Collins should not be dismissed without prejudice for lack of subject matter

jurisdiction.

In her response to the Show Cause Order, plaintiff requests the Court to exercise

supplemental jurisdiction over the claims against Collins pursuant to 29 U.S.C. § 1367(c)(3).

Plaintiff states that she has expended many hours of attorney time drafting memoranda, attending

hearings, and attempting to prosecute her case against Collins in an orderly fashion.  Plaintiff also

avers that the Court has already become familiar with the facts of the case, so that it would be

most efficient for this Court to retain jurisdiction.

Title 28 U.S.C. § 1367(a) provides that, with certain exceptions, in any civil action of

which the district court has original jurisdiction, the district court shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within the original

jurisdiction of the court that they form part of the same case or controversy.  Section 1367(c)(3)

provides that the district court may decline to exercise supplemental jurisdiction over a claim

under subsection (a) if the district court has dismissed all claims over which it has original

jurisdiction.

The Court declines to exercise supplemental jurisdiction over the state law claims against Collins pursuant to § 1367(c).  The federal claims have been dismissed, and the state law claims that remain against Collins are straightforward.  Plaintiff has not shown that it would be prejudiced by being required to pursue those claims in state court.  Little, if any, substantive progress has been made on plaintiff's claims against Collins due to the default proceedings, so that the parties can proceed with discovery and motions in state court without duplicating the efforts they have expended in federal court.  Moreover, because the claims against Collins are based on a small number of factual allegations, the state court would not need a significant amount of time to acquaint itself with the facts of the case.

For these reasons, the Court declines to exercise supplemental jurisdiction over the claims against defendant Collins, and those claims are **DISMISSED** without prejudice.  This case is **TERMINATED** on the docket of the Court.  The Clerk is directed to serve a copy of this Order on defendant Jerry Collins by regular U.S. mail and by certified mail, return receipt requested.

**IT IS SO ORDERED.**

S/ Herman J. Weber

HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\03-310setasddfltPUB.wpd